## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHNNY ROCKETS LICENSING, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** _____ |
| | ) | |
| **JOHNNY ROCKS GRILL, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff Johnny Rockets Licensing, LLC ("Johnny Rockets" or "Plaintiff"), by and through its attorneys, hereby sues Johnny Rocks Grill, LLC ("Defendant") for injunctive relief and damages based on trademark infringement under the laws of the United States and of the State of Pennsylvania:

### PARTIES

1.      Johnny Rockets is a limited liability company duly organized under the laws of the State of California which maintains its principal place of business at 20 Enterprise Drive, Suite 300, Aliso Viejo, California, 92656-7104.

2.      Johnny Rockets is an operator and franchisor of nearly 200 corporate and franchisee owned restaurant locations featuring all-American food in 32 states throughout the United States, including Pennsylvania.

3.      On information and belief, Defendant is a limited liability company in Pennsylvania with a principal place of business at 8601 Frankford Avenue, Philadelphia, Pennsylvania 19136.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 15 U.S.C. § 1121, in that this case arises under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq*., and under principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this District by virtue of 28 U.S.C. § 1391(b) and (c) because the events giving rise to the claims have occurred and are occurring in this District and because Defendant is subject to personal jurisdiction in this District.

## FACTS COMMON TO ALL COUNTS

A.      **Johnny Rocket's Well-Known JOHNNY ROCKETS Trademarks**.

6.      Johnny Rockets owns the following U.S. Trademark registrations incorporating the mark JOHNNY ROCKETS:

| Trademark | Reg. No. | Services | Reg. Date. |
|---|---|---|---|
| JOHNNY ROCKETS | 1436052 | Class 42: Restaurant services | April 7, 1987 |
|  | 1448387 | Class 14: Jewelry, namely, pins.<br><br>Class 25: Clothing, namely, t-shirts, sweatshirts and aprons | July 21, 1987 |
|  | 1436053 | Class 42: Restaurant services | April 7, 1987 |
|  | 1522028 | Class 32: Soft drinks | January 24, 1989 |

| Trademark | Reg. No. | Services | Reg. Date. |
|---|---|---|---|
| Johnny Rockets THE ORIGINAL HAMBURGER | 1740033 | Class 29: French fried potatoes and chili for consumption on or off the premises.<br><br>Class 30: hamburger sandwiches, tuna salad sandwiches, egg salad sandwiches, cheese sandwiches, chicken sandwiches, peanut butter and jelly sandwiches, sugar and pies for consumption on or off the premises | December 15, 1992 |
| Johnny Rockets THE ORIGINAL HAMBURGER | 1951318 | Class 42: Restaurant services | January 23, 1996 |
| JOHNNY ROCKETS ROCKET KIDS | 3139461 | Class 43: Restaurant incentive program directed to children featuring activity books, cups, toys | September 5, 2006 |
| Johnny Rockets THE ORIGINAL HAMBURGER | 2672110 | Class 25: Clothing, namely, hats, caps, [visors,] t-shirts, sweatshirts, shirts, aprons, [bandanas,] jackets, [neckties, sweaters] and pullovers | January 7, 2003 |
| Johnny Rockets THE ORIGINAL HAMBURGER | 2672109 | Class 20: Non metal keychains | January 7, 2003 |
| JOHNNY ROCKETS SPORTS LOUNGE | 4150387 | Class 25: T-shirts and hats<br><br>Class 43: Bar and restaurant services | May 29, 2012 |

Collectively, the above trademarks are hereinafter referred to as the "JOHNNY ROCKETS Marks." True and correct copies of the JOHNNY ROCKETS Marks' certificates of registrations from the United States Patent and Trademark Office are attached hereto as **Exhibit A**.

7.    The JOHNNY ROCKETS Marks are registered on the Principal Register of the United States Patent and Trademark Office. These registrations for the JOHNNY ROCKETS Marks have always been, and continue to be, in full force and effect and, with the exception of Registration No. 4,150,387, are incontestable under Section 15 of the Lanham Act, 15 U.S.C. §

1065, providing conclusive evidence of the validity of the registrations, of Johnny Rockets'
ownership of those marks and of its right to use those marks in commerce for the services listed
above, as provided in 15 U.S.C. § 1057(b) and § 1115(a).

8.     Since at least as early as 1986, Johnny Rockets has extensively promoted its
business, goods and services under the JOHNNY ROCKETS Marks in interstate commerce for
restaurant services, and it has acquired valuable goodwill in these marks.

9.     Johnny Rockets also owns common law rights in the JOHNNY ROCKETS
Marks.

10.    At the present time, Johnny Rockets operates and/or franchises more than 330
restaurants worldwide, with nearly 200 in the United States alone, including a location at 443
South Street in Philadelphia, Pennsylvania, which is located in this District.

11.    In these restaurants, the JOHNNY ROCKETS Marks are used in connection with
a wide variety of products and services including, but not limited to, hamburgers, sandwiches,
Philly cheese steak sandwiches, hot dogs, salads, side dishes, desserts and beverages.

12.    By virtue of their widespread use, the JOHNNY ROCKETS Marks are well-
known in Pennsylvania.

B.     **Defendant's Unlawful Activities and Unauthorized Use of The JOHNNY
ROCKETS Marks**.

13.    Upon information and belief, in August, 2012, Defendant registered its business
name, JOHNNY ROCKS GRILL, LLC.

14.    Upon information and belief, Defendant operates a restaurant under the name
JOHNNY ROCK'S GRILL and JOHNNY ROCKS GRILL at 8601 Frankford Avenue,
Philadelphia, Pennsylvania, wherein it offers sandwiches and Philly cheese steak sandwiches
(the "Restaurant").

15.     Defendant uses the marks JOHNNY ROCKS GRILL, JOHNNY ROCK'S GRILL, JOHNNY ROCKS and THE JOHNNY ROCKER (collectively, the "Infringing Marks') in connection with the restaurant and its products and services.

16.     Defendant uses the JOHNNY ROCK'S GRILL mark to advertise its products and services at its website, WWW.JOHNNYROCKSGRILL.COM, as is shown below:



17.     Defendant uses the Infringing Marks to advertise its products and services on social media on its Facebook page, as is shown below:





18.     Defendant's use of the Infringing Marks is without license, authorization or consent from Johnny Rockets.

19.     Defendant's use of the Infringing Marks is confusingly similar to the JOHNNY ROCKETS Marks in that the respective marks are almost identical and are used in connection with the same or highly similar restaurant services.

20.     Letters have been sent to Defendant on behalf of Johnny Rockets in which Defendant was advised of Johnny Rockets' federal trademark registrations, objections were made with respect to Defendant's use of the Infringing Marks, and the letters demanded that Defendant cease all use of the Infringing Marks and any similar marks.

21.     Defendant refused to change its business name and cease using the Infringing Marks.

22.     Notwithstanding Defendant's constructive notice of Johnny Rockets' prior trademark rights from the registrations of the JOHNNY ROCKETS Trademarks and Defendant's actual notice of Johnny Rockets' prior trademark rights, Defendant continues to use the Infringing Marks at the Restaurant.

## COUNT I
### Federal Trademark Infringement
### (15 U.S.C. §§ 1114, et. seq.; Lanham Act § 32)

23.     Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein as paragraph 23.

24.     This count arises under the Section 32 of the Lanham Act, 15 U.S.C. §§ 1114, *et. seq.*

25.     Johnny Rockets is engaged in interstate commerce.

26.     Johnny Rockets has built substantial public recognition in the JOHNNY ROCKETS Marks under which it does business in interstate commerce.

27.     Defendant's use of the Infringing Marks is likely to cause confusion, mistake or to deceive the public as to the affiliation, connection or association of Defendant and its goods and services with Johnny Rockets.

28.     Defendant's use of the Infringing Marks infringes upon Johnny Rockets' federally-protected trademark rights in the JOHNNY ROCKETS Marks.

29.     Defendant continues to knowingly and willfully infringe upon the JOHNNY ROCKETS Marks, despite being put on notice of Johnny Rockets' objections.

30.     By reason of Defendant's acts alleged herein, Johnny Rockets has suffered and will suffer damage to its business, reputation and goodwill.  Additionally, Johnny Rockets has suffered and will suffer the loss of sales and profits it would have made but for Defendant's acts.

31.     Defendant continues to do the acts complained of herein, and unless restrained and enjoined will continue to do so, all to Johnny Rockets' irreparable damage.  It would be difficult to ascertain the amount of compensation which could afford Johnny Rockets adequate relief for such continuing acts.  Johnny Rockets' remedy at law is not adequate to compensate it for the threatened injuries.

## COUNT II
## Common Law Trademark Infringement

32.     Plaintiff realleges paragraphs 1 through 31 as if fully set forth herein as paragraph 32.

33.     This count arises under the common law.

34.     Through the prior and continuous use of the JOHNNY ROCKETS Marks in the State of Pennsylvania and elsewhere, Johnny Rockets' trademarks have become well-known and uniquely associated with Johnny Rockets and to identify Johnny Rockets and its services.

35.     Defendant's use of the Infringing Marks infringes upon and violates Johnny Rockets' common law rights in the JOHNNY ROCKETS Marks and is likely to cause confusion, deception and mistake, and will cause irreparable and immediate injury to Johnny Rockets for which Johnny Rockets has no adequate remedy at law.

36.     Defendant's conduct is in willful and wanton disregard of Johnny Rockets' rights.

37.     By reason of Johnny Rockets' acts alleged herein, Johnny Rockets has suffered and will suffer damage to its business, reputation and goodwill.  Additionally, Johnny Rockets has suffered and will suffer the loss of sales and profits Johnny Rockets would have made but for Defendant's acts.

38.     Defendant continues to do the acts complained of herein, and unless restrained and enjoined will continue to do so, all to Johnny Rockets' irreparable damage.  It would be difficult to ascertain the amount of compensation which would afford Johnny Rockets adequate relief for such continuing acts.  Johnny Rockets' remedy at law is not adequate to compensate it for the threatened injuries.

## COUNT III
## False Designation of Origin
## (15 U.S.C. § 1125(a); Lanham Act § 43(a))

39.     Plaintiff realleges paragraphs 1 through 38 as if fully set forth herein as paragraph 39.

40.     This count arises under Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a).

41.     Defendant's unauthorized use of the Infringing Marks is confusingly similar to the JOHNNY ROCKETS Marks.

42.     Defendant's unauthorized use in commerce of the Infringing Marks in connection with Defendant's business and services constitute a false designation of origin and a false association that wrongfully and falsely designates the services and products offered thereunder as originating from Johnny Rockets, or as being associated, affiliated or connected with or approved or sponsored by Johnny Rockets.

43.     As a direct and proximate result of Defendant's wrongful acts, Johnny Rockets has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, business reputation and goodwill.  Johnny Rockets will continue, unless restrained, to conduct its business and services using the Infringing Marks which are confusingly similar to the JOHNNY ROCKETS Marks, and will continue to cause irreparable damage to Johnny Rockets.

44.     Johnny Rockets has no adequate remedy at law and is entitled to an injunction restraining Defendant and any officers, agents, servants, licensees, and employees, and all persons acting in concert with Defendant, from engaging in further acts of false designation of origin, affiliation or sponsorship.

45.     Johnny Rockets is further entitled to recover from Defendant the actual damages that it sustained and/or is likely to sustain as a result of Defendant's wrongful acts.  Johnny Rockets is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of Defendant's acts of false designation of origin, affiliation or endorsement.    Johnny Rockets' remedy at law is not adequate to compensate it for the threatened injuries.

46.     Johnny Rockets is further entitled to recover from Defendant the gains, profits and advantages that Defendant has obtained as a result of its wrongful acts.  Johnny Rockets is

presently unable to ascertain the extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of false designation of origin, affiliation or endorsement.

47.     Because of the willful nature of Defendant's wrongful acts, Johnny Rockets is entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. § 1117.

48.     Johnny Rockets is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117 and destruction of infringing articles pursuant to 15 U.S.C. § 1118.

## COUNT V
### Common Law Unfair Competition

49.     Plaintiff realleges paragraphs 1 through 48 as if fully set forth herein as paragraph 49.

50.     This count arises under the common law.

51.     By reason of the foregoing, Defendant has been and is engaged in acts of unfair competition in violation of the common law.

52.     Upon information and belief, by virtue of Defendant's unlawful conduct, he has made or will make substantial profits and gains to which he is not in law or equity entitled.

53.     Defendant's aforesaid conduct has caused Johnny Rockets irreparable harm and unless enjoined will continue to cause Johnny Rockets irreparable harm for which Johnny Rockets has no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE,** Johnny Rockets prays that this court enter judgment against Defendant as follows:

A.    Finding that Defendant:

      1.    Willfully infringed the JOHNNY ROCKETS Marks under 15 U.S.C. § 1114 and the common law;

      2.    Willfully infringed the JOHNNY ROCKETS Marks under the common law;

      3.    Willfully conducted acts which resulted in a false designation of origin, affiliation or sponsorship in violation of 15 U.S.C. § 1125(a); and

      4.    Willfully engaged in unfair competition under common law.

B.    That this Court grant an injunction pursuant to the powers granted it under 15 U.S.C. § 1116, enjoining and restraining Defendant and its agents, servants and employees from directly or indirectly using the marks JOHNNY ROCK'S and any other mark or designation that is confusingly similar to the JOHNNY ROCKETS Marks, which is likely to cause confusion, to cause mistake or to deceive.

C.    That this Court grant an injunction pursuant to the powers granted it under the common law enjoining and restraining Defendant and its agents, servants and employees from directly or indirectly using the slogan JOHNNY ROCK'S and any other mark or designation that is confusingly similar to the JOHNNY ROCKETS Marks, which is likely to cause confusion, to cause mistake or to deceive.

D.    That this Court, pursuant to the powers granted it under 15 U.S.C. § 1118, order that all labels, signs, menus, prints, packages, wrappers, receptacles, stationery, business cards and advertisements in the possession of Defendant bearings the Infringing Marks, and all plates, molds, matrices and other means of making the same, shall be delivered up and destroyed.

E.   That this Court, pursuant to the powers granted it under the common law, order that all labels, signs, menus, prints, packages, wrappers, receptacles, stationery, business cards and advertisements in the possession of Defendant bearing the Infringing Marks, and all plates, molds, matrices and other means of making the same, shall be delivered up and destroyed.

F.   That Defendant be required to account to Johnny Rockets for any and all profits derived by Defendant from the services provided through its use of the Infringing Marks, and any mark or designation confusingly similar thereto, and for all damages, including, but not limited to compensatory, actual, treble and/or punitive damages, sustained by Johnny Rockets by reason of said acts of infringement complained of herein.

G.   That Johnny Rockets be awarded its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

H.   That this Court grant such other and further relief as it shall deem just and necessary.

Respectfully submitted,

Dated: September 14, 2015

Darius C. Gambino, Esquire (PA 83496)
DLA PIPER (US) LLP
One Liberty Place
1650 Market Street
Suite 4900
Philadelphia, PA 19103-7300
Phone: (215) 656-3309
Fax: (215) 606-3309
darius.gambino@dlapiper.com

*Attorneys for Johnny Rockets Licensing, LLC*

# Exhibit A

Int. Cl.: 42

Prior U.S. Cl.: 100

Reg. No. 1,436,052

## United States Patent and Trademark Office

Registered Apr. 7, 1987

### SERVICE MARK
### PRINCIPAL REGISTER

## JOHNNY ROCKETS

JOHNNY ROCKETS, INC. (CALIFORNIA COR-
    PORATION)
7507 MELROSE AVENUE
LOS ANGELES, CA 90046

FIRST USE 6-6-1986; IN COMMERCE
6-6-1986.

SER. NO. 618,993, FILED 9-9-1986.

·FOR: RESTAURANT SERVICES, IN CLASS
42 (U.S. CL. 100).

MARK TRAPHAGEN, EXAMINING ATTOR-
NEY

Int. Cl.: 42

Prior U.S. Cl.: 100

## United States Patent and Trademark Office

Reg. No. 1,436,053
Registered Apr. 7, 1987

### SERVICE MARK
### PRINCIPAL REGISTER



JOHNNY ROCKETS, INC. (CALIFORNIA COR-
  PORATION)
7507 MELROSE AVENUE
LOS ANGELES, CA 90046

FOR: RESTAURANT SERVICES, IN CLASS
42 (U.S. CL. 100).
FIRST USE 6-6-1986; IN COMMERCE
6-6-1986.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "THE ORIGINAL HAMBURG-
ER", APART FROM THE MARK AS SHOWN.

SER. NO. 618,994, FILED 9-9-1986.

MARK TRAPHAGEN, EXAMINING ATTOR-
NEY

Int. Cls.: 14 and 25

Prior U.S. Cls.: 28 and 39

## United States Patent and Trademark Office

Reg. No. 1,448,387
Registered July 21, 1987

## TRADEMARK
## PRINCIPAL REGISTER



JOHNNY ROCKETS, INC. (CALIFORNIA COR-
PORATION)
7507 MELROSE AVENUE
LOS ANGELES, CA 90046

FOR: JEWELRY, NAMELY, PINS, IN CLASS
14 (U.S. CL. 28).

FIRST USE 6–6–1986; IN COMMERCE
6–6–1986.

FOR: CLOTHING, NAMELY, T-SHIRTS,
SWEAT SHIRTS AND APRONS, IN CLASS 25
(U.S. CL. 39).

FIRST USE 6–6–1986; IN COMMERCE
6–6–1986.

SER. NO. 618,992, FILED 9–9–1986.

MARK TRAPHAGEN, EXAMINING ATTOR-
NEY

Int. Cl.: 32

Prior U.S. Cl.: 45

Reg. No. 1,522,028

**United States Patent and Trademark Office**   Registered Jan. 24, 1989

## TRADEMARK
### PRINCIPAL REGISTER



JOHNNY ROCKETS LICENSING CORPORA-
TION (CALIFORNIA CORPORATION)
SUITE 208
1033 GAYLEY AVENUE
LOS ANGELES, CA 90024

FOR: SOFT DRINKS, IN CLASS 32 (U.S. CL.
45).

FIRST USE 5-1-1987; IN COMMERCE
12-16-1987.
OWNER OF U.S. REG. NOS. 1,436,053 AND
1,448,387.

SER. NO. 733,648, FILED 6-13-1988.

STEVEN R. FINE, EXAMINING ATTORNEY

Int. Cls.: 29 and 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 1,740,033
Registered Dec. 15, 1992

## TRADEMARK
### PRINCIPAL REGISTER



JOHNNY ROCKETS LICENSING CORPORA-
TION (CALIFORNIA CORPORATION)
1888 CENTURY PARK EAST, SUITE 224
LOS ANGELES, CA 90067

FOR: FRENCH FRIED POTATOES AND
CHILI FOR CONSUMPTION ON OR OFF THE
PREMISES, IN CLASS 29 (U.S. CL. 46).
FIRST USE 6-6-1986; IN COMMERCE
6-6-1986.
FOR: HAMBURGER SANDWICHES, TUNA
SALAD SANDWICHES, EGG SALAD SAND-
WICHES, CHEESE SANDWICHES, CHICKEN
SANDWICHES, PEANUT BUTTER AND JELLY

SANDWICHES, SUGAR AND PIES FOR CON-
SUMPTION ON OR OFF THE PREMISES, IN
CLASS 30 (U.S. CL. 46).
FIRST USE 6-6-1986; IN COMMERCE
6-6-1986.
OWNER OF U.S. REG. NOS. 1,436,052, 1,522,028
AND OTHERS.
NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "THE ORIGINAL HAMBURG-
ER", APART FROM THE MARK AS SHOWN.

SER. NO. 74-251,304, FILED 3-2-1992.

CYNTHIA SLOAN, EXAMINING ATTORNEY

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

## United States Patent and Trademark Office

Reg. No. 1,951,318
Registered Jan. 23, 1996

### SERVICE MARK
### PRINCIPAL REGISTER



JOHNNY ROCKETS LICENSING CORPORA-
TION (CALIFORNIA CORPORATION)
1888 CENTURY PARK EAST, SUITE 224
LOS ANGELES, CA 90067

FOR: RESTAURANT SERVICES, IN CLASS
42 (U.S. CLS. 100 AND 101).
FIRST USE 6-6-1986; IN COMMERCE
6-6-1986.

OWNER OF U.S. REG. NOS. 1,436,053 AND
1,740,033.
NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "THE ORIGINAL HAMBURG-
ER", APART FROM THE MARK AS SHOWN.

SER. NO. 74-642,898, FILED 3-6-1995.

W. A. CONN, EXAMINING ATTORNEY

Int. Cl.: **20**

Prior U.S. Cls.: **2, 13, 22, 25, 32 and 50**

**United States Patent and Trademark Office**

Reg. No. **2,672,109**
Registered Jan. 7, 2003

**TRADEMARK**
PRINCIPAL REGISTER



JOHNNY ROCKETS LICENSING CORPORATION
   (CALIFORNIA CORPORATION)
26970 LAGUNA HILLS DRIVE SUITE 100
ALISO VIEJO, CA 92656

   FOR: NON METAL KEY CHAINS, IN CLASS 20
(U.S. CLS. 2, 13, 22, 25, 32 AND 50).

   FIRST USE 6-6-1986; IN COMMERCE 6-6-1986.

OWNER OF U.S. REG. NOS. 1,448,387, 1,951,318
AND OTHERS.

SER. NO. 76-388,861, FILED 3-29-2002.

WINSTON FOLMAR, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,672,110
Registered Jan. 7, 2003

## TRADEMARK
### PRINCIPAL REGISTER



JOHNNY ROCKETS LICENSING CORPORATION (CALIFORNIA CORPORATION)
26970 LAGUNA HILLS DRIVE SUITE 100
ALISO VIEJO, CA 92656

FOR: CLOTHING, NAMELY, HATS, CAPS, VISORS, T-SHIRTS, SWEATSHIRTS, SHIRTS, APRONS, BANDANAS, JACKETS, NECKTIES, SWEATERS AND PULLOVERS , IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 6-6-1986; IN COMMERCE 6-6-1986.

OWNER OF U.S. REG. NOS. 1,448,387, 1,951,318 AND OTHERS.

SER. NO. 76-388,864, FILED 3-29-2002.

WINSTON FOLMAR, EXAMINING ATTORNEY

Int. Cl.: 43

Prior U.S. Cls.: 100 and 101

United States Patent and Trademark Office

Reg. No. 3,139,461
Registered Sep. 5, 2006

## SERVICE MARK
### PRINCIPAL REGISTER

## JOHNNY ROCKETS ROCKET KIDS

JOHNNY ROCKETS LICENSING CORPORATION (CALIFORNIA CORPORATION)
25550 COMMERCENTRE DRIVE, SUITE 200
LAKE FOREST, CA 92630

FOR: RESTAURANT INCENTIVE PROGRAM DIRECTED TO CHILDREN FEATURING ACTIVITY BOOKS, CUPS, TOYS, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 8-0-2003; IN COMMERCE 8-0-2003.

OWNER OF U.S. REG. NOS. 1,436,052, 2,723,665, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "KIDS", APART FROM THE MARK AS SHOWN.

SN 76-514,043, FILED 5-8-2003.

YONG KIM, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office

# JOHNNY ROCKETS SPORTS LOUNGE

**Reg. No. 4,150,387**

**Registered May 29, 2012**

**Int. Cls.: 25 and 43**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**

JOHNNY ROCKETS LICENSING CORPORATION (CALIFORNIA CORPORATION)
20 ENTERPRISE DRIVE
ALISO VIEJO, CA 92656

FOR: T-SHIRTS AND HATS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 7-0-2010; IN COMMERCE 7-0-2010.

FOR: BAR AND RESTAURANT SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 12-2-2009; IN COMMERCE 12-14-2009.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,436,052, 3,139,461, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SPORTS LOUNGE", APART FROM THE MARK AS SHOWN.

SN 77-496,496, FILED 6-11-2008.

JANET LEE, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office